**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                                 Case No. 3:18-cv-900-J-32PDB

FANATICS RETAIL GROUP
FULFILLMENT, LLC,

        Defendant.

## ORDER

This case is before the Court on the motion for leave to intervene filed by proposed intervenor, Vincent Perkins. Doc. 4. Defendant responded (Doc. 10), contending that the motion should be denied because it is not clear that the attached proposed complaint is the complaint Perkins intends to file as it does not include the state law claims he states he wants to pursue; and arguing that the proposed complaint suffers the same defects as defendant argued the EEOC's original complaint suffered.[1] The Court agrees with defendant in both respects. Rule 10(b) of the Federal Rules of Civil Procedure states in part, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Separating his claims into separate counts would promote clarity here. See, e.g., Mathis v. City of St. Augustine Beach, No. 3:13-cv-1015-J-34JRK, 2015 WL 1470762 (M.D. Fla. Mar. 31, 2015) (admonishing plaintiff for improperly

---

[1]The EEOC has since amended its complaint (Doc. 9), and defendant has filed an answer and affirmative defenses (Doc. 11).

combining disparate treatment and retaliation claims into a single count in violation of Rules 8 and 10(b)).

However, rather than deny the motion,[2] the Court will hold it in abeyance and direct Perkins to file a notice attaching a new proposed Complaint in Intervention, which separates his claims into separate counts, taking care to only incorporate the factual allegations pertinent to each count, and which includes any state law claims (again in separate counts) that he wishes to pursue. The notice and attachment shall be filed no later than **October 22, 2018**. Perkins should confer with defendant and the EEOC before filing his notice and should include a statement advising the Court whether either of them objects to the new proposed complaint. (In the event either party has objections, they shall file them no later than **November 13, 2018**.)

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of October, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

Obinna Anum, Esq.
(counsel for proposed intervenor)

---

[2] Defendant did not raise other objections to Perkins' intervention and, assuming he presents a proper complaint, the Court will likely grant him leave to intervene.

2